UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACK F. WASHINGTON,

               Petitioner,           No. 06-CV-6477(VEB)

    -vs-                                      **DECISION AND ORDER**

THOMAS POOLE,

               Respondent.
_____

**I.      Background**

*Pro se* habeas petitioner Jack F. Washington ("Washington" or "petitioner") was arrested on September 18, 2003, for his alleged participating earlier that day in an armed robbery, along with another man, at a convenience store in the City of Rochester. Washington availed himself of his statutory right to testify at the grand jury, testifying that he was not present at the robbery. Nevertheless, the grand jury returned an indictment charging Washington with first degree robbery as a principal and as an accomplice, *see* N.Y. Penal Law §§160.15(4), 20.00, for displaying what appeared to be a handgun in the act of forcibly stealing money from the store manager and a customer.

Just prior to the commencement of trial, the prosecution offered Washington a plea agreement with a sentence promise of of nine years. Washington declined the plea offer.

During opening argument, trial counsel told the jury that Washington conceded he was involved in the robbery but disputed whether the handguns used during the robbery were "loaded and operable" so as to make Washington guilty of robbery in the first degree. Trial counsel explained that if the jury was not satisfied beyond a reasonable doubt that the handguns were

loaded and operable, the jury should consider the lesser included charge of robbery in the second degree. The jury returned a verdict convicting petitioner of robbery in the second degree. Washington was sentenced to a determinate sentence of sixteen years.

Washington subsequently filed a motion to set aside the verdict and a motion to vacate the judgment on the basis that trial counsel's strategy of conceding his guilt to the lesser included charge of robbery in the second degree was the equivalent of entering a guilty plea and was made without his consent in violation of the right of the defendant to make decisions about his fundamental rights at trial. On December 17, 2004, the trial court vacated the judgment on the basis Washington explicitly had not consented to the concession of guilt, while acknowledging that a concession of guilt is not the functional equivalent of a guilty plea. On appeal, the Appellate Division, Fourth Department, of New York State Supreme Court, reversed the decision of the Monroe County Court granting a new trial. The Fourth Department held that a defendant's consent is not required when trial counsel concedes guilt on a lesser included offense. The New York Court of Appeals denied leave to appeal.

This timely habeas petition[1] followed, in which Washington raises as his sole ground for relief the argument raised in his C.P.L. § 440.10 motion–that trial counsel's concession of guilt to a lesser included offense, without his consent, deprived him of his Sixth Amendment right to the effective assistance of counsel. Washington states that because he "had testified before the Grand Jury in this case and indicated, in sum and substance, that he did not commit the crime charged, nor was he present[,]" "[d]efense counsel still argued that Petitioner committed the

---

[1] The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

crime of Robbery Second Degree, which precluded Petitioner from testifying at the trial as his testimony would be diabolically [sic] opposed to his attorney's opening statement." Addendum to Petition, ¶12(A) (Docket No. 1). In the answer to the petition, respondent argues that the state court properly determined that the claim was without merit as a matter of state and federal law.

For the reasons that follow, Washington's request for a writ of habeas corpus is denied and the petition is dismissed.

## II. Discussion

### A. General Legal Principles

Section 2254(a), specifies that federal habeas review is only available for state prisoners if they are in custody in violation of the constitution or laws or treaties of the United States. It should be noted that federal habeas corpus review is not available for errors of state law. *Lewis v Jeffers*, 497 U.S. 764, 780, (1990); 28 U.S.C. § 2254(a). In order to obtain federal habeas review, it is necessary for the petition to contain a federal constitutional issue.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it decides that the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2); *see also*, *e.g.*, *Greiner v Wells*, 417 F.3d 305 (2d Cir. 2005).

B. **Analysis of Petitioner's Ineffective Assistance Claim**

Petitioner claims that trial counsel was ineffective because counsel essentially "pleaded petitioner guilty" without Petitioner's consent. Although the trial court granted C.P.L. § 440.10 relief on the basis that trial counsel had been ineffective, it did so only on the basis that trial counsel had not secured petitioner's consent to the concession-of-guilt strategy. The trial court explicitly stated that if petitioner had agreed to the concession of guilt before trial, the court would have denied the motion for a new trial despite the fact that petitioner's consent was not placed on the record. On appeal, the Fourth Department held as follows:

> We disagree that the concession by defense counsel during his opening and closing statements that defendant was guilty of the lesser included offense was the equivalent of entering a guilty plea for defendant. Where defense counsel adopted a strategy of conceding defendant's guilt of a lesser included charge "in the hope that the jury would then be more receptive to the claim that the defendant was innocent of the far more serious offense and acquit him thereof," it is a "perfectly acceptable strategy which should not be 'second guess[ed]' by the courts" (*People v. Plaza*, 133 A.D.2d 857, 858, 520 N.Y.S.2d 220, *lv. denied* 70 N.Y.2d 936, 524 N.Y.S.2d 687, 519 N.E.2d 633, quoting *People v. Morris*, 100 A.D.2d 630, 631, 473 N.Y.S.2d 595, affd. 64 N.Y.2d 803, 486 N.Y.S.2d 920, 476 N.E.2d 319). We conclude that, "viewing the totality of the circumstances[,] defendant was not deprived of his constitutional right to effective assistance of counsel" (*People v. Morris*, 64 N.Y.2d 803, 804-805, 486 N.Y.S.2d 920, 476 N.E.2d 319; *see People v. Baldi*, 54 N.Y.2d 137, 147, 444 N.Y.S.2d 893, 429 N.E.2d 400).

*People v. Washington*, 19 A.D.3d 1180, 1180-1181, 796 N.Y.S.2d 500, 501 (App. Div. 4th Dept. 2005) (some internal citations omitted). The Fourth Department's holding was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent.

In *Florida v. Nixon*, 543 U.S. 175 (2004), the Supreme Court indicated that while defense counsel has an obligation to explain to the defendant a proposed strategy of conceding guilt at the guilt phase of a capital trial, counsel has no further obligation to obtain the defendant's express

consent to this strategy. *Id.* at 189. In *Nixon*, during the guilt phase of a capital trial, the defense attorney conceded that his client had committed the murder. The strategy there was to establish credibility with the jury by conceding the murder, and then to seek leniency at the sentencing phase. However, the defendant was convicted of the murder and sentenced to death. The state appellate court in *Nixon* reversed the defendant's conviction and held that trial counsel's concession of guilt, without defendant's express consent, deprived the defendant of his right to the effective assistance of counsel guaranteed by the Sixth Amendment. The state appellate court first presumed deficient performance, then applied the "presumption of prejudice" standard that United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), has reserved for situations in which counsel has entirely failed to function as the client's advocate. The United States Supreme Court reversed. First, the *Nixon* court expressly rejected the proposition–also urged by petitioner here–that a concession of guilt is the functional equivalent of a guilty plea requiring the consent of the accused on the record. Second, the *Nixon* court found that *Cronic*'s "presumption of prejudice" standard did not apply where a trial counsel concedes his client's guilt as a matter of trial strategy. Rather, the Supreme Court held that *Strickland v. Washington*, 466 U.S. 668 (1984), provides the proper framework for evaluating a claim that counsel was constitutionally ineffective in those circumstances. *Nixon*, 543 U.S. at 189. Under *Strickland*, a defendant must show not only (1) that counsel's representation "fell below an objective standard of reasonableness," *id*. at 688, but also (2) that counsel's deficient performance prejudiced the defendant, *id*. at 694.

Here, Washington has rested his ineffective assistance argument on counsel's failure to obtain his expression consent to the concession-of-guilt strategy, and has argued that prejudice

must be presumed in these circumstances. The Supreme Court rejected this proposition in *Nixon*, holding that defendant must show both that the strategic decision to concede guilt was objectively unreasonable and that the defendant was actually prejudiced by the decision. *See*, *e.g.*, *Sondey v. White*, No. 05-71831, 2009 WL 4800413, at *24-25 (E.D. Mich. Dec. 9, 2009) ("The lesson of *Nixon*, as reflected in cases decided both before and after that decision, is 'that counsel's concession of a client's guilt does not automatically constitute deficient performance.' *Young v. Catoe*, 205 F.3 d 750, 759 (4th Cir.2000). More specifically, 'conceding guilt to one count of a multi-count indictment to bolster the case for innocence on the remaining counts is a valid trial strategy which, by itself, does not rise to the level of deficient performance.' *United States v. Holman*, 314 F.3d 837, 840 (7th Cir.2002).").

The state trial court and appellate court both concluded that the concession-of-guilt strategy was reasonable and appropriate. Under the circumstances, the Court cannot conclude that the state courts' rulings were objectively unreasonable. Indeed, in holding that a concession of guilt is not the functional equivalent of a guilty plea, the state appellate court came to the same conclusion that the Supreme Court did in *Nixon*.

Fatal to Washington's ineffective assistance claim is his inability to demonstrate how the outcome of his trial could have been more favorable had trial counsel not conceded guilt and had Washington testified–as he now claims he wishes to do. It bears emphasizing the Washington's appellate counsel did not address the prejudice aspect of *Strickland* at all, instead arguing that the case fell within the *Cronic* presumption-of-prejudice exception.

In sum, because Washington has not overcome the presumption of reasonableness accorded to trial counsel's strategic decisions, and because he has not demonstrated actual

prejudice on the present record, his ineffective assistance claim does not provide a basis for habeas relief.

## III. Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus filed by petitioner Jack F. Washington is **denied**. Furthermore, the Court finds that petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). Therefore, no certificate of appealability shall issue with respect to any of petitioner's claims.

**IT IS SO ORDERED.**

/s/ Victor E.Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 6, 2010
Rochester, New York.